## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL CHESBRO, | DOCKET NUMBER |
| Appellant, | SF-1221-20-0140-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: July 17, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Chesbro, Rainier, Washington, pro se.

Stephen Geringer, Esquire, Tacoma, Washington, for the agency.

Robert Jarrett, Esquire, Joint Base Lewis-McChord, Washington, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-11 Criminal Intelligence Specialist for the agency who was required to maintain a security clearance as a condition of employment. Initial Appeal File (IAF), Tab 7 at 11, 18. On February 28, 2018, the agency suspended the appellant's access to classified information, and on September 6, 2018, it proposed his indefinite suspension pending the outcome of the security clearance determination. *Id*. at 18-20.

On February 7, 2019, after the appellant responded but before the agency issued a decision, the parties entered into a settlement agreement in which the agency agreed to rescind the proposal and the appellant agreed to resign effective June 30, 2019. *Id*. at 12-14, 21-23. The settlement agreement also provided that the appellant would waive his right to any claims related to the proposed indefinite suspension, as well as any "other disputes, complaints, or claims which are known to him or which should have been known to him up to and including

the date of his signature on this settlement agreement." *Id*. at 12-13. Effective June 30, 2019, the appellant separated from service by retirement. *Id*. at 15.

Meanwhile, on August 22, 2018, an agency law enforcement officer executed a statement of probable cause, averring that the appellant misused an agency law enforcement database to obtain information that he used in a doxing campaign against two individuals. IAF, Tab 1 at 20-23. The appellant was subsequently ordered to appear for arraignment in Federal District Court. *Id*. at 19. It is not clear what became of these criminal proceedings.

On September 25, 2019, after he retired but possibly while the criminal case was still pending, the appellant filed a whistleblower complaint with the Office of Special Counsel (OSC). IAF, Tab 6 at 22. OSC closed the appellant's file without taking corrective action, and the appellant filed the instant IRA appeal. IAF, Tab 1 at 1-2.

The administrative judge issued the standard jurisdictional order for an IRA appeal, notifying the appellant of his burden of proof and giving him specific directions on filing evidence and argument pertinent to the jurisdictional issue. IAF, Tab 2 at 2-9. The administrative judge subsequently issued another order, stating that the appellant appeared to have waived his Board appeal rights in the settlement agreement and notifying the appellant of what he must show to prove that the agreement was invalid or unenforceable. IAF, Tab 8.

After the record closed, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). She found that the appellant was claiming personnel actions of harassment, spurious criminal investigation, suspension, and constructive removal, but that these claimed personnel actions were variously covered by the waiver provision of the valid and enforceable settlement agreement, or did not constitute personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A). ID at 7-12.

The appellant has filed a petition for review, arguing that the settlement agreement was invalid based on false information that the agency provided in the

statement of probable cause and exculpatory information that the agency withheld from the court. Petition for Review (PFR) File, Tab 2. The agency has filed a response. PFR File, Tab 1.

## ANALYSIS

On petition for review, the appellant does not challenge the administrative judge's finding that the criminal proceedings and the agency's handling of his Privacy Act request, neither alone nor together, constituted personnel actions subject to the Board's IRA jurisdiction. ID at 7-8, 11-12. We find that the administrative judge's analysis of these issues is supported by the record and the law, and we decline to revisit her findings on review. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review."). The appellant does, however, renew his argument that the settlement agreement is invalid due to the agency's concealment of material facts about the criminal proceedings. PFR File, Tab 2 at 2-5.

A settlement agreement is a contract between the parties and its terms are to be interpreted as a question of contract law. *LaMontagne v. U.S. Postal Service*, 91 M.S.P.R. 304, ¶ 6 (2002). An appellant may challenge the validity of a settlement agreement if he believes it was unlawful, involuntary, or the result of fraud or mutual mistake. *Bahrke v. U.S. Postal Service*, 98 M.S.P.R. 513, ¶ 11 (2005). Even if invalidity was not apparent at the time of settlement, the agreement must be set aside if it is subsequently shown by new evidence that the agreement was tainted with invalidity by fraud or misrepresentation. *Henson v. Department of the Treasury*, 86 M.S.P.R. 221, ¶ 7 (2000). However, the party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Bahrke*, 98 M.S.P.R. 513, ¶ 11. In this case, we find that the appellant is essentially arguing that the settlement agreement was invalid based on fraud in the inducement, i.e., an intentional misrepresentation of a material risk or duty which reasonably induces the other party to enter into the

agreement.[2]  *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 7 (2010) (citing Black's Law Dictionary 671 (7th Ed. 1999)).  To establish that a settlement agreement resulted from fraud in the inducement, the appellant must show that the agency knowingly concealed a material fact or intentionally misled him. *Id*.

The appellant argues that his waiver of Board appeal rights was not knowing and informed because the agency concealed material facts, "preventing [him] from being fully aware of the Prohibited Personnel Practices and criminal activity" that the agency committed against him at the time that the settlement agreement was signed.  PFR File, Tab 2 at 2.  By "Prohibited Personnel Practices and criminal activity," it appears that the appellant is referring to the August 22, 2018 statement of probable cause, which he claims was based on knowingly false information and excluded exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  *Id*.  The appellant alleges that the criminal prosecution and the proposed indefinite suspension were based on the same misinformation, and that the agency prevented him from learning about the basis for either action in any more than a general sense.  *Id*. at 3-4.  He further argues that the agency knew or should have known that the indefinite suspension could not be sustained.  *Id*. at 4-5.

As an initial matter, we note that the reason for the proposed indefinite suspension was the suspension of the appellant's security clearance, and not the underlying alleged misconduct.  IAF, Tab 7 at 18.  Because the Board lacks the authority to review the reasons underlying a security clearance determination, *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988), there is no reason

---

[2] The appellant characterizes his argument as pertaining to a violation of the implied covenant of good faith.  PFR File, Tab 2 at 3.  However, a violation of a covenant of good faith constitutes a breach of the settlement agreement; it does not affect the validity of the agreement ab initio.  *See, e.g.*, *Timberlake v. U.S. Postal Service*, 79 M.S.P.R. 520, 524-25 (1998); *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 323-24 (1995).  Reading this pro se appellant's petition for review as a whole, and considering that the alleged agency misconduct preceded the settlement agreement, we find that he is arguing invalidity rather than breach.

to think that the indefinite suspension would not have been sustained on appeal regardless of whether the appellant committed the misconduct as alleged. Furthermore, there is no reason to think that the agency knew or should have known that the contents of the statement of probable cause might have been material to the appellant's decision to settle his case. Although the criminal and administrative cases may have stemmed from the same alleged misconduct, the proceedings were separate, and the criminal prosecution was out of the agency's hands by the time the appellant entered into the settlement. ID at 7.

Moreover, there is no reason to believe that the agency was concealing the statement of probable cause from the appellant. Had the appellant requested the statement of probable cause prior to settlement and the agency denied his request, the analysis might be different. However, the appellant did not actually request the statement until May 9, 2019, whereupon the agency promptly gave it to him. IAF, Tab 1 at 19-25.

For these reasons, and for the reasons explained in the initial decision, we agree with the administrative judge that the appellant has failed to show that the agency induced him to settle his case by knowingly concealing any material fact or by intentionally misleading him.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____

                            Gina K. Grippando
                            Clerk of the Board

Washington, D.C.